## (June 8, 1937.)

In the Matter of JULIUS L. ROSENTHAL, an Attorney, Respondent.— The decision of this court handed down on June 7, 1937 [ante, p. 824], is hereby amended to read as follows: Motion for reargument of respondent's motion to confirm the report of the official referee and petitioner's cross-motion to set aside the report of the official referee denied. [See 250 App. Div. 421.] Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

## (June 11, 1937.)

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of BENJAMIN L. KAPLAN, an Attorney and Counselor at Law, Respondent.— The respondent failed to appear before the grievance committee of the Bar Association after several notices; failed to appear before this court to answer charges made against him, and failed to appear before the official referee to whom the charges had been referred for report. He made a motion to open his default before this court, and asked for an opportunity to file an answer and be heard before the official referee. He vehemently asserted and swore that he had not been served with notice to appear before the official referee. The matter was referred to the official referee to take testimony and report whether or not respondent was served with notice of hearing before the official referee. Testimony was taken, and the official referee has reported that respondent was served, and, therefore, had notice of the hearing. A reading of the testimony convinces the court that the official referee was fully justified in his finding in this respect. Testimony was taken before the official referee on the default of respondent to appear after service of notice, and the proof before the official referee very clearly demonstrates that the respondent had converted the money of at least two of his clients, and in two other instances had received retainers and failed to render any services. These charges were contained in the petition presented to this court, and the most serious of them respondent failed to refer to in his affidavit on his motion to open the default, although he did refer to some of the charges. In addition to the proof before the official referee, which shows that respondent is no longer entitled to continue in the practice of the law, there is now added his perjury in swearing that he was not served with notice of hearing before the official referee. The report of the official referee, finding that respondent was served with a notice of hearing before him, is confirmed. Present — Hagarty, Davis, Johnston, Adel and Close, JJ. Respondent's motion to open default and for leave to interpose an answer to the petition denied. Motion to confirm report of the official referee granted, respondent disbarred and his name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.